IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–29–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| EDWARD DALE SLAGEL, | |
| Defendant. | |

On May 13, 2024, Defendant Edward Dale Slagel filed a motion to reduce his 36-month federal sentence. (Doc. 49.) Slagel's projected release date is October 27, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed June 10, 2024). The government opposes the motion. (Doc. 51.)

### ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v.*

1

*Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Slagel argues that his left inguinal hernia is an extraordinary and compelling circumstance that warrants an early release.  (Doc. 50 at 6–7.)  For the reasons discussed below, the Court denies the motion.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Slagel claims that on November 24, 2023, he submitted an administrative request for compassionate release.  (Doc. 50 at 2.)  However, according to the United States, the Bureau of Prisons has no record of the request.  (Doc. 51 at 3–4.)  While

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

the United States notes that Slagel's request may be untimely, it waives its objection to the 30-day requirement as it pertains to the present matter. (*Id.* at 4.)

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Slagel argues that he qualifies for compassionate relief pursuant to § 1B1.13(b)(1)(B) because his left inguinal hernia causes him debilitating pain and the BOP has failed to address the hernia through surgery. (Docs. 50 at 7, 50-1 at 2.) The United States counters that "[w]hile it is clear that Slagel is afflicted with an inguinal hernia that is, no doubt, uncomfortable for him, there is no evidence that this condition is so severe that it necessitates his premature and permanent release from custody." (Doc. 51 at 9.) While the Court is unclear as to why surgery has not yet occurred, it agrees with the United States that release from custody is not appropriate at this time.

Slagel was initially scheduled to have surgery on his inguinal hernia on July 15, 2023, but that surgery did not occur due to loss of insurance. (Docs. 50 at 6, 54-1 at 77.) On August 7, 2023, Slagel reported to Sheridan Federal Correctional Institute to self-surrender for his sentence. (*Id.*) On August 11, 2023, Slagel saw Dr. Andrew Grasley for an in house general surgery consultation. (Doc. 54-1 at 47.) The record indicates that at that time, the BOP set a target date of December

4

15, 2023, for the surgery to occur. (*Id.*) On November 14, 2023, Slagel again saw Dr. Grasley. Slagel noted that the left inguinal hernia was causing him daily pain but that it continued to be reducible. (*Id.* at 15.)

On December 1, 2023, Slagel had an outside consult with Dr. Sang Gyou Rho of McMinnville Surgical Associates. (*Id.* at 77.) At that time, Slagel reported that the inguinal hernia had slowly grown in size and become increasingly uncomfortable, especially with certain activities. (*Id.* at 77.) Slagel reported that the hernia was still reducible and he had not experienced any obstructive symptoms. (*Id.* at 77–78.) Slagel further denied experiencing fevers, shaking chills, headaches, changes to vision, chest pain, shortness of breath, cough, congestion, runny nose, nausea, vomiting, diarrhea, bloody bowel movements, painful urination, difficulty with urination, numbness tingling, or weakness. (*Id.* at 77.) It appears from the medical records that as of December 15, 2023, the surgery was to take place on or about the target date of March 15, 2024 (*id.* at 8); however, the surgery did not occur.

The Court cannot determine from the record the reason for the delay in treatment. While release from custody is inappropriate at this time, Slagel may renew his motion for compassionate release if surgical repair does not occur within four months of this order. Because the Court finds that Slagel has failed to demonstrate an extraordinary and compelling reason for compassionate release at

5

this time, the Court foregoes analysis of the Section 3553(a) factors.

## CONCLUSION

Slagel has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence at this time. The Court will consider a renewed motion for compassionate release if Slagel has not received surgical repair of his hernia within four months of this order.

Accordingly, IT IS ORDERED that Slagel's motion for compassionate release (Doc. 49) is DENIED.

DATED this 10th day of June, 2024.

_Dana L. Christensen_
Dana L. Christensen, District Judge
United States District Court